# Digangi Motor Vehicle Operator License Case.

Argued March 23, 1967. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., April 12, 1967:

On October 12, 1965, Thomas V. Digangi was apprehended for operating his motor vehicle at an excessive speed on the Pennsylvania Turnpike. An information was filed, and Digangi paid fine and costs on October 18, 1965. The Secretary of Revenue thereafter

suspended Digangi's operating privilege for a period of one month, effective June 23, 1966. An appeal was filed by Digangi in the court below on June 29, 1966. Following a de novo hearing on August 10, 1966, an order was entered on August 26, 1966, overruling the Secretary's action. The Commonwealth has appealed.

The order of the court below in the instant case was based upon its interpretation of the effect of Act No. 527 of 1965, amending The Vehicle Code[1] by establishing the point system. This amendment was approved January 24, 1966, to take effect July 24, 1966, and adds three new sections after Section 619 of The Code (75 P.S. 619). The court below reasoned that, had Digangi's offense been committed after the effective date of the amendment, the penalty would be the assignment of points to his record, rather than the suspension of his operating privilege, and that its power to sustain the Secretary's action had been "eliminated" because its decision was not reached prior to the effective date of the amendment. Sole reliance was placed upon the case of *Commonwealth v. Beattie,* 93 Pa. Superior Ct. 404. We are clearly of the opinion that the court below erred, and its order will therefore be reversed.

The instant appeal is controlled by our decision in *Vivio Motor Vehicle Operator License Case,* 209 Pa. Superior Ct. 90, 224 A. 2d 777.[2] Vivio was apprehended for speeding on December 3, 1965, and paid a fine and costs on January 3, 1966. His operator's license was suspended effective April 25, 1966. His appeal to the Court of Common Pleas was decided on August 25, 1966, by which date Act No. 527 had become effective. On appeal to this court the case was, on Decem-

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 101 et seq.

[2] In fairness to the court below, it should be noted that it did not have the benefit of this decision filed December 16, 1966.

ber 16, 1966, remanded to the court below with direction to return it to the Secretary of Revenue to afford Vivio a hearing under Section 618(b)(2). We pointed out that the proceeding before us was governed by the provisions of Section 618 as in effect at the time of the suspension by the Secretary of Revenue, expressly stating by way of a footnote: "We are not here concerned with the amendment in Act No. 527 of 1965, effective July 24, 1966, establishing the point system".

To the same effect is our affirmance of the order of the lower court in *Commonwealth v. Duvall,* 209 Pa. Superior Ct. 710, 224 A. 2d 363. In the *Duvall* case the offense occurred on December 12, 1964, and the fine was paid on December 23, 1964. A suspension was imposed by the Secretary of Revenue on February 4, 1966, and the Secretary's action was sustained by the lower court on April 11, 1966. It was appellant's contention that, since the legislature had placed in effect a new point system, the suspension should be reversed and the case remanded with an order to the Secretary of Revenue to proceed under the provisions of Act No. 527. We rejected this argument by per curiam order.

The *Beattie* case, upon which the lower court relied, is not here applicable. Beattie was convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor. He was sentenced to pay a fine of $300.00 and undergo imprisonment for two years, a sentence then authorized by the Act of June 30, 1919, P. L. 678. This statute was repealed and reenacted in part by The Vehicle Code of May 11, 1927, P. L. 886, which became effective four days after the imposition of Beattie's sentence and reduced the severity of the penalty. On appeal to this court the record was remitted with a procedendo so that the appellant might be sentenced under the new Code. In the case at bar, although recognizing the propriety of the suspension, the lower court permitted Digangi to go

scot free. Its action in sustaining his appeal went far beyond the holding in the *Beattie* case. The instant proceeding is not criminal in nature, or even quasi-criminal as the lower court reasoned. Our appellate courts have consistently held that proceedings to suspend operators' licenses are civil in character. See *Commonwealth v. Halteman*, 192 Pa. Superior Ct. 379, 162 A. 2d 251; *Levy Motor Vehicle Operator License Case*, 194 Pa. Superior Ct. 390, 169 A. 2d 596; *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65; *Commonwealth v. Wagner*, 364 Pa. 566, 73 A. 2d 676.

The lower court cases we have examined are uniformly in accord with our position. One apt quotation will suffice. "We think the Commonwealth's position is well taken. The purpose of the Point System Act was to further highway safety, not to diminish it. It was not an act of indemnity or oblivion, but a reform of the suspension system which in the judgment of the legislature would conduce to greater safety on the highways in the Commonwealth. To accept Roach's contention would be to create a privilege and immunity not provided in the law. He should not be permitted a privileged sanctuary of time merely because the Commonwealth moved with characteristic deliberation".[3]

To summarize, it is our view that Act No. 527 does not have retroactive effect. The Vehicle Code of 1959 was simply amended to the extent necessary to establish a point system applicable to violations occurring after the effective date. The amendment does not affect Digangi's conviction on October 18, 1965, but must be construed to apply only to offenses which occurred after July 24, 1966. Portions of a law not altered by amendment shall be construed as effective from the time of their original enactment, and new

---

[3] SWEET, P. J., in *Roach Motor Vehicle Operator License Case*, 47 Wash. Co. Rep. 158.

provisions shall be construed as effective only from the date on which the amendment took effect: Statutory Construction Act of May 28, 1937, P. L. 1019, Section 73, 46 P.S. 573.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.