## Kapp License

*Joseph M. Hill,* for Commonwealth.

*Siegrist, Koller & Siegrist,* for appellant.

GATES, P. J., June 21, 1967.—On February 20, 1967, petitioner filed an appeal from a suspension order issued by the Secretary of Revenue, said appeal being filed pursuant to The Vehicle Code of April 29, 1959, P. L. 58, sec. 620, as last amended on August 6, 1963, P. L. 509, sec. 1, 75 PS §620.

The gist of the petition is that on October 20, 1966, the Secretary of Revenue notified petitioner his total point accumulation as of that date was six points, and he was directed to attend the Driver Improvement School held at the Lebanon Senior High School on Monday, November 7, 1966, at 7 p.m. Further, that on October 27, 1966, counsel for petitioner wrote to the Department of Revenue, Bureau of Traffic Safety, Harrisburg, advising them that petitioner was attending Pennsylvania State University at State College, Pa., and requested that he be permitted to attend the Driver Improvement School at State College, Pa., or a school nearby, inasmuch as petitioner, a student at the university was presently residing at 703 University Towers, State College, Pa. Neither petitioner nor counsel heard anything further until February 8, 1967, at which time petitioner received a notice at his Lebanon County address advising him that his operating privileges were suspended for a period of 60 days by reason of his total point accumulation being increased to 11 points because of his failure to attend the Lebanon Driver Improvement School. On February 17, 1967, this appeal was filed, and we issued our order of supersedeas.

On March 31, 1967, the Commonwealth filed a motion to quash the appeal, alleging, inter alia, that on

July 20, 1966, petitioner was apprehended for speeding 22 miles in excess of the posted speed and was subsequently convicted on August 2, 1966; that, effective October 20, 1966, the Bureau of Traffic Safety assessed petitioner six points for the violation and directed that he attend the Driver Improvement School at Lebanon, and, subsequently, on November 17, 1966, he was directed to attend the Driver Training School at State College, Centre County, Pa.* The motion further reveals that petitioner did not attend the Driver Training School and, consequently, was assessed an additional five points, making a cumulative total of 11 points and, in accordance with the schedule of points and the provisions of section 619.1(i) and 619.1(k) of The Vehicle Code, a 60-day suspension is mandatory. Consequently, petitioner has no right to appeal.

In Digangi Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 444, it was held that the Act of January 24, 1966, P. L. (1965) 1497, amending The Vehicle Code by establishing a point system, does not have retroactive effect. The Superior Court states, at page 448:

"The Vehicle Code of 1959 was simply amended to the extent necessary to establish a point system applicable to violations occurring after the effective date. The amendment does not affect Digangi's conviction on October 18, 1965, but must be construed to apply only to convictions which occurred after July 24, 1966".

In Digangi, both the violation and the conviction occurred prior to July 24, 1966. In the instant case, the offense occurred on July 20, 1966, four days prior to the effective date of the point system, but petitioner was convicted on August 2, 1966, subsequent to the effective date of the point system. In view of the above-quoted language, it is not clear whether or not the

---

* This raises a factual issue which, of itself, requires a hearing.

point system applies to this case. In one sentence, the Superior Court indicates that the point system is applicable to *violations* occurring after the effective date. This, of course, is followed immediately by the language limiting the application of the act "to *convictions* which occurred after July 24, 1966".

Fortunately, we need not resolve this issue, because we do not believe it is pivotal. We believe that, though the act establishing the point system makes no provision for appealing the assignment of points for violations, it does not affect the right of a motorist to appeal from an order of suspension as set forth in section 620 of The Vehicle Code.

We are of the further opinion that the mere assessment of points not amounting to a suspension is an adminstrative mandatory procedure not made appealable under the act. However, we do not believe the act affects in any way the right to appeal an order of suspension when the total point accumulation authorizes or directs the secretary to issue a suspension order. Many of the evils complained about for failing to allow an appeal from the assessment of points can be corrected on appeal under section 620 when and if a suspension order subsequently issues. However, the right to appeal under section 620 is not, in our considered opinion, in any way affected by the adoption of the point system.

Therefore, after due and careful consideration, we will make the following

### Order

And now, to wit, June 21, 1967, the Commonwealth's motion to dismiss is refused, and the matter is set down for a hearing on the petition on Thursday, July 6, 1967, at 10:30 a.m.