## Breskman Motor Vehicle Operator License Case.

Argued June 14, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Irvin J. Kopf,* with him *Paul Silverstein,* for appellee.

Opinion by Wright, J., September 14, 1967:

On June 21, 1966, Dorothy R. Breskman was apprehended for operating a Pontiac convertible on the Northeast Extension of the Pennsylvania Turnpike at a rate of 110 miles per hour in a 65 mile per hour speed zone. On the same day an information was filed, and Mrs. Breskman paid a fine of $15.00 and costs. On January 19, 1967, after hearing, the Secretary of Revenue suspended Mrs. Breskman's operating privilege for a period of six months. This offense was not governed by the amendment to The Vehicle Code establishing the point system: *Digangi Motor Vehicle Operator License Case,* 209 Pa. Superior Ct. 444, 229 A. 2d 9. On February 27, 1967, the Court of Common Pleas of Montgomery County reversed the action of the

Secretary of Revenue.[1] This appeal by the Common-
wealth followed.

We will briefly summarize the evidence at the hear-
ing in the court below. Trooper Mitsky testified that,
when he finally succeeded in stopping Mrs. Breskman,
"her explanation at that time was that she was in a
very big hurry to get home. She stated that she is due
home at a certain time and her husband would kill
her if she wouldn't get home". Mrs. Breskman testi-
fied that she had been shopping in Allentown, and
"felt my period coming on, and I have very unusual
menstrual periods, in that when they start, they start
with hemorrhage, and they start with diarrhea, and
vomiting. I must get home when this happens and get
into bed and get into the bathroom. It was just about
this time that I got the warning". She testified fur-
ther that this was her first violation, and that an op-
erator's license was necessary in the conduct of her
real estate business and other activities.

In disposing of appeals from orders of the Secretary
of Revenue suspending motor vehicle operating privi-
leges, the reviewing court must act in accordance with
the evidence presented: *Commonwealth v. Moogerman*,
385 Pa. 256, 122 A. 2d 804, and cases therein cited.
The court below was without authority to reverse the
Secretary's action on the ground that the period of sus-
pension was excessive. The schedule of penalties by
suspension for speeding violations adopted by the Sec-
retary of Revenue was expressly approved by this
court in *Stout Motor Vehicle Operator License Case*,
199 Pa. Superior Ct. 182, 184 A. 2d 108. Nor was the
action below justified on the ground that economic
hardship would result: *Hergert Appeal*, 384 Pa. 544,

---

[1] "Therefore, in considering all of the factors present, includ-
ing the length of the period of suspension which this court con-
siders harsh, it was concluded that the Secretary of Revenue
abused his discretion".

120 A. 2d 888. While we agree with Mrs. Breskman's counsel that her excuse for speeding is "unique and unusual", we are not in accord with his contention that the Secretary of Revenue was guilty of an abuse of discretion.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.