## Warriner License

*John W. McWilliams*, for appellant.
*William C. Kuhn*, for Commonwealth.

McKAY, P. J., December 11, 1967.—On March 16, 1967, appellant filed an appeal from an order of the secretary assessing six points against his driving record and requiring him to attend driver improvement school.

The Commonwealth has filed a motion to quash said appeal on the ground that there is no right of appeal from the assessment of points.

On November 18, 1966, Charley Warriner, appellant, was charged with a violation of section 1002(b)-(7) of The Vehicle Code in that he operated a motor vehicle at the speed of 79 miles per hour in a 65 mile per hour zone. A hearing was held before a Cumberland County justice of the peace on January 7, 1967, and appellant was found guilty of this offense. No appeal was taken from the conviction.

When notice of the conviction was received by the Secretary of Revenue, six points were assigned to appellant's record, pursuant to section 619.1(b) of The Vehicle Code. On February 17, 1967, appellant was advised of the assessment of points and was notified that he would be required to attend a driver improvement school.

In 1966, the Legislature amended The Vehicle Code by creating a point system for driving violations: Act of January 24, 1966, P. L. (1965), 1497, sec. 2, 75 PS §619.1. It applies to all vehicle code violations

occurring after July 24, 1966: Digangi Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 444 (1967). Under this new system, the Secretary of Revenue is directed to suspend the operator's license of any person whose record shows an accumulation of 11 points or more: 75 PS §619.1(i).

The new amendment creating the point system makes no mention of a right of appeal. On the other hand, there is no indication that the Legislature intended to repeal section 620, which provides: "Any person suspended, . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides . . ."

We are advised by the Commonwealth that several district courts have held that there is no right of appeal from the assessment of points or the suspension of licenses under the point system. These decisions apparently rest on the fact that the new amendment gives the Secretary of Revenue no discretion, but rather mandates the assessment of points following each violation of The Vehicle Code and the suspension of licenses upon the accumulation of 11 or more points. See, e.g., Commonwealth v. Broderick, decided on May 19, 1967, by the Court of Common Pleas of Lancaster County, Pennsylvania, Trust Book No. 40, page 405.

At least one court has reached a contrary conclusion. In Iscovitz License, 43 D. & C. 2d 148 (C. P. Luzerne 1967), it was held that, although the Legislature had neglected to specify an appeal procedure, it would intend an appeal to lie from the imposition of penalties under the point system. In support of its holding, the court refers to two bills currently pending before the Legislature, which provide for such an appeal.

Absent an express repeal of section 620, we would be reluctant to hold that there is no right of appeal from the suspension of a license under the point system. The suspension before us does not concern a license suspension, however. The Secretary of Revenue has merely assigned six points to the appellant's driving record. Not until the appellant accumulates a total of 11 or more points does he face the possibility of a license suspension.

There being no provision in section 619.1 for an appeal from the assessment of points, and there being no mention in section 620 of an appeal from anything other than a license suspension, we hold that there is no right of appeal from the assessment of points or an order requiring a motorist to attend driver improvement school. Accordingly,

ORDER

Now, December 11, 1967, it is ordered that the Commonwealth's motion to quash the appeal be granted.