## Drummond License

*Frederick W. Andrews, Bailey & Pearson,* for appellant.

*Anthony J. Maiorana,* Deputy Attorney General, for Commonwealth.

HERMAN, J., December 26, 1967.—We have before us the appeal of Nathaniel A. Drummond, Jr., from the suspension of his motor vehicle operator's license by the Secretary of Revenue of the Commonwealth of Pennsylvania in an exercise of the authority conferred by section 618(b)(2) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618(b)(2).

This matter comes before us de novo pursuant to section 620 of The Vehicle Code, and it is our duty to determine on the basis of the evidence presented whether the Secretary of Revenue was justified in ordering a suspension of appellant's operating privileges for a period of one year. We must exercise our discretion independently and determine anew whether or not the operator's license should be suspended: Commonwealth v. Emerick, 373 Pa. 388 (1953). However, it is clear that this court cannot reduce the period of suspension nor recommend to the Secretary of Revenue to reduce the period of suspension: Commonwealth v. Moogerman, 385 Pa. 256 (1956). In Anen Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 379, 382 (1961), the lower court ordered that the period of suspension be reduced fron one year to four months; on appeal by the Commonwealth the Superior Court said:

"On appeals from the Secretary of Revenue, the courts of common pleas may sustain or reverse an

order suspending a motor vehicle operator's license, but ordinarily they have no authority to modify such order".

## FINDINGS OF FACT

1. On April 11, 1967, appellant was stopped by an officer of the law for not having his motor vehicle registration sticker properly affixed to the license plate. The extended period for putting the stickers on had just ended at midnight, April 10, 1967, some hour-and-a-half before appellant was apprehended. The sticker was in the glove compartment of his car and he immediately attached it to his license plate.

2. Although when stopped, appellant possessed a valid operator's license issued by the District of Columbia where he had previously lived, he, nevertheless, was arrested for driving without a Pennsylvania operator's license in violation of section 601 of The Vehicle Code, and on May 8, 1967, paid the fine and costs for this summary offense.

3. On April 28, 1967, a date *prior* to his paying the fine and costs for his first offense, appellant was involved in an automobile accident and was charged with a second violation of section 601 of The Vehicle Code and pleaded guilty at June sessions, no. 177, of Criminal Court. Appellant paid the fine and costs for this violation.

On September 22, 1967, appellant received official notification of withdrawal for one year of his Pennsylvania operator's license, which he had acquired after his arrests.

## DISCUSSION

Appellant contends that, although technically he has committed these two offenses, under the particular facts of this case the action of the secretary is unwarranted.

At the time he was first stopped and arrested for operating a motor vehicle without a license, appellant,

who had moved back to Pennsylvania from Washington, D. C., was driving with a valid District of Columbia operator's license, obtained in 1965 and in force until 1968. Before a hearing was held for the first offense, appellant was involved in an automobile accident in which no other vehicle was involved, no injuries sustained, and no damages resulted except to appellant's own car.

Further, after his first arrest, appellant applied for an operator's license at the police barracks in Harrisburg, but before such application was completely processed by a physical examination by a physician, the second offense occurred. Appellant subsequently completed his application for a license, and after having successfully passed an oral examination was issued a Pennsylvania operator's license on the basis of the valid District of Columbia license.

The accident in which appellant was involved occurred before a hearing and determination had been given for the first charge under section 601 of The Vehicle Code. Since he had not been convicted of a violation of the code, petitioner continued to drive on the basis of his District of Columbia license, but, additionally, took steps necessary to obtain a Pennsylvania operator's license.

Another factor we think particularly significant in this case is that appellant had a driving record which is free of any offenses. See Commonwealth v. Harnden, 76 Dauph. 347 (1961); Commonwealth v. Snavely, 76 Dauph. 344 (1961). Under the facts presented in the instant case there is nothing to indicate improper or reckless driving.

The cases in this area of appeals from motor vehicle operators' license suspensions have stressed the need for restraint on the part of the courts from becoming "pardon boards to mitigate the penalties which the Legislature empowered the Secretary of

Revenue to impose under given conditions": Commonwealth v. Moogerman, supra, at page 259. However, where the circumstances are such that an exercise of discretion is warranted, the court should act. See Commonwealth v. Rose, 70 D. & C. 521 (1950).

We are not unaware of the recent case of Breskman Motor Vehicle Operator License Case, 210 Pa. Superior Ct. 352 (1967), but feel that that case, in dealing with the schedule of suspension used by the secretary, was correct upon the facts of the case to find no abuse of discretion.

In Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182, 188 (1962), the court said:

"From a justice standpoint it is much better to have uniformity than a great variety of penalties applicable to cases involving the same set of circumstances. Such a schedule will prevent favoritism and will cause all violators to be treated alike. This will promote respect for law enforcement. It must be noted that the legislature did not specifically provide any periods of suspension but *permitted the secretary to exercise his discretion.* We believe that he has exercised a wise discretion in promulgating the schedule of penalties above referred to". (Italics supplied.)

These remarks are prefaced, however, by the following language:

"It is argued that the secretary failed to exercise any discretion in relation to the facts and circumstances of this particular violation. It will be noticed that the above regulation does not apply the same penalty for all speeding violations. On the contrary, it takes into consideration the various speeds in excess of the legal limit and also the number of violations for prior offenses within a three-year period. It seems to us that a wide discretion is exercised by the secretary under the above schedule, which covers a great number

of circumstances related to the various violations set forth therein . . .": pages 187-88.

We agree that it is desirable to have uniformity in penalties, but the same schedule does not meet the requirement that the secretary exercise discretion as to violations of section 601 of The Vehicle Code, and particularly as it pertains to the case at bar.

The legislature in not specifically providing for any periods of suspension was allowing the Secretary of Revenue to exercise his discretion. We feel that in this there was an abuse of the power vested in the secretary. No hearing was held and so no circumstances of the case were ever considered.

Under all of these circumstances, it is our opinion that the secretary was not justified in ordering a suspension of appellant's operating privileges for a period of one year, and we, therefore, enter the following

ORDER

And now, December 26, 1967, the appeal filed herein from the order of the Secretary of Revenue suspending the motor vehicle privileges of appellant is hereby sustained. The secretary is directed to reinstate appellant's motor vehicle operating privileges forthwith.