## Hale License

*John Regule*, for appellant.
*William Kuhn*, for Commonwealth.

ACKER, J., November 1, 1968.—This defendant has appealed his license suspension of one year, which

arose from a guilty plea on September 10, 1966, in the Court of Quarter Sessions of Mercer County, to the charge of "drag racing". On February 8, 1967, Leo H. McKay, P. J., sentenced defendant to pay a $100 fine, the costs, and to serve 90 days in the Mercer County Jail, the latter being suspended.

The offense of "speed contests and drag races" is a misdemeanor, providing for a maximum sentence of $500 or to undergo imprisonment for not more than three years or both. Defendant does not attack any of the procedure followed in this case with the exception of the receipt of the records of the Quarter Sessions Court of Mercer County, which failed to disclose that defendant was represented by counsel at the time that he entered his guilty plea. By stipulation between the parties, it was agreed that defendant was in fact not represented or advised of his right to counsel at the time of his sentence or the entry of the guilty plea.

Defendant in effect desires this court to engraft upon section (a) of the Act of January 8, 1960, P. L. 2118, sec. 1, the language set forth in parenthesis below:

". . . the Secretary may suspend the operating privilege of any person, with or without a hearing, before the Secretary or his representative, upon receiving a record *(which shows upon its face that the defendant was represented by counsel)* of proceedings, if any in which such person pleaded guilty . . ."

The claimed authority for this judicial statutory appendage is Burgett v. Texas, 389 U. S. 109 (1967). An understanding of the nature of the license suspension proceedings in Pennsylvania and of the evils attempted to be cured by the Burgett case, supra, are necessary for a solution of this unique question.

In the Burgett case defendant was charged in Texas with malice aforethought with intent to murder. In addition, the indictment included four additional

charges based on four previous felony convictions, one being in Texas for burglary, and three in Tennessee for forgery. The purpose was to use the Texas recidivism statutes, which provided that a person convicted three times of a felony less than capital shall on a third conviction be imprisoned for life. The certified records of the Tennessee forgery convictions failed to show that defendant was represented by counsel or that he waived counsel. The court held, at page 114: "In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void".

The decision, however, states further, at page 115: "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or to enhance punishment for another offense (see Greer v. Beto, 384 U. S. 269) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right".

Chief Justice Warren in a concurring opinion at page 117 states:

"This case is a classic example of how a rule eroding the procedural rights of a criminal defendant on trial for his life or liberty can assume avalanche proportions, bearing beneath it the integrity of the fact-finding process"..

It appears clear, therefore, that the Burgett case, supra, is designed to protect a defendant from the loss of life or liberty through a criminal proceeding.

Hamsher Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 336, 175 A. 2d 303 (1961), discusses the nature of the proceedings for suspension of license under this section. There it is stated: "Here, we are concerned with a privilege where the constitutional

requirements of due process are far less stringent". Previously, the court discussed the right of notice in cases involving criminal procedure in property rights.

It is clear that such proceedings are not either criminal or even quasi criminal in nature, but are civil: Digangi Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 444, 229 A. 2d 9 (1967).

Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962), states at page 186: "We now add that there was no requirement that this notice be in any particular form nor that it be certified or signed by any officer of the other state".

The operation of a motor vehicle on the public highways of this Commonwealth has repeatedly been held to be a privilege and not a right.

In Witsch Motor Vehicle Operator Case, 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961), at page 388, it is stated:

"Not only one seeking the privilege for the first time, but also, under certain circumstances, one wishing to continue the privilege already granted, may be required to establish to the Commonwealth's satisfaction that he is worthy of such privilege".

In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960), it is stated at page 384: "A license to operate a motor vehicle is not a contract or a right of property. It is a limited right to use a public highway. It is for the Commonwealth, acting through the legislature, to direct the conditions under which this right shall be exercised".

As expressed in Commonwealth v. Funk, 323 Pa. 390, 186 Atl. 65 (1936), at page 395:

"The permission to operate a motor vehicle upon the highways of the Commonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or consti-

tutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment depending upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose".

Finally, at the hearing the Commonwealth called defendant and inquired as to whether he did in fact plead guilty at December Sessions, 1966, no. 87, in the Court of Quarter Sessions of Mercer County. By advice of his counsel, he claimed the protection of the Fifth Amendment to the United States Constitution. This court ruled, however, in that the statute of limitations had passed he was no longer in jeopardy and required an answer. Defendant thereafter responded that he had in fact pleaded guilty to the offense of "drag racing". Defendant, therefore, established by his own admission the fact of a guilty plea independent of the record produced. It is recognized, however, that if there were a requirement in this case that defendant be represented by counsel his verbal affirmation of the written record would be of no assistance. The procedure followed by the Commonwealth merely confirmed identity of defendant.

An examination of the Burgett case, supra, the rights it is designed to protect, the nature of the privilege to operate a motor vehicle upon the public highways of Pennsylvania, and the mechanics set forth in the event of a guilty plea for the removal of that privilege causes the inescapable conclusion that defendant's contention cannot be sustained.

### ORDER

And now, on this November 1, 1968, the action of the Secretary of Revenue of the Commonwealth of Pennsylvania in suspending the operator's license of Richard Hale is affirmed.