## Goodheart License

*Steward J. Greenleaf,* for appellant.
*Barry R. McAndrews,* for Commonwealth.

BODLEY, J., January 20, 1969.—This appeal was allowed following notification by the Secretary of Revenue to appellant that his operating privileges had been suspended for a period of two months. After hearing, we make the following

### FINDINGS OF FACT

1. Appellant is a resident of Jamaica, N. Y., and, on February 25, 1968, was the holder of a valid New York operator's license.

2. On that date, in the County of Bucks, appellant was clocked by a peace officer over a distance of more than one-fourth of a mile while operating his vehicle at a speed of 55 miles per hour in a properly posted 35 mile per hour zone.

3. The speedometer in the vehicle operated by the peace officer had been calibrated and tested for accuracy on February 12, 1968. A certificate of accuracy received in evidence certified that the speedometer in the officer's car was "98 percent accurate."

4. Appellant was thereupon charged with having violated section 1002(b)(4) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 1002(b)(4), and on March 19, 1968, without contesting the charge, appellant conceded his guilt by forwarding the statutory fine and costs to the justice of the peace.

5. Thereafter, on June 17, 1968, the Secretary of Revenue notified appellant that his operating privileges had been suspended in this Commonwealth for a period of two months pursuant to authority vested in him by section 618(d) of The Vehicle Code, 75 PS §618(d).

## DISCUSSION

Appellant does not challenge the validity of the speeding conviction. Rather, he maintains that the secretary abused his discretion in the imposition of a two-month suspension and further urges upon the court consideration of the economic hardship which would follow such suspension.

It is clear that economic hardship in and of itself is not sufficient to justify the reversal of a suspension order: Parr License Case, 17 Bucks 358 (1967); Commonwealth v. Emerick, 373 Pa. 388, 400 (1953).

As noted in our findings above, appellant is a nonresident and a licensed operator in the State of New York. Authorization for the suspension of the operating privileges of a nonresident is found in section 618(d) of The Vehicle Code. That section provides, in pertinent part:

"The Secretary is hereby authorized to suspend the privilege of any nonresident to operate a motor vehicle or tractor in this Commonwealth *for any cause for which the license of a resident operator may be suspended or revoked. . . ."* (Italics supplied.)

This section also authorizes the secretary to forward a report of a motor vehicle violation occurring in this Commonwealth to the motor vehicle administrator of the State of the operator's residence.

As noted in section 618(d), the secretary's authorization to suspend appellant's operating privilege in this Commonwealth must relate to a cause for which the license of a Pennsylvania resident operator might be suspended. Prior to the enactment and implemen-

tation of the so called point system, (Act of January 24, 1966, P. L. (1965) 1497, sec. 2, 75 PS §619.1-3), the secretary was authorized, in his discretion, to suspend the operating privileges of any licensed Pennsylvania resident for any violation of the laws of this Commonwealth relating to motor vehicles: Section 618(b)(2). A condition of such suspension was that a hearing must first be held before the secretary in order that he might determine whether or not sufficient evidence was presented to justify the suspension and, in such case, much discretion was vested in the Secretary of Revenue. However, since the enactment of the point system, the secretary no longer has the discretion to determine whether or not a particular resident operator should have his license suspended for most of the well-known violations of The Vehicle Code. On the contrary, the legislature mandated that the secretary maintain a record of convictions and assign to the licensed operator a certain number of points in accordance with a schedule set up by the statute. The secretary is then directed by the mandate of the statute to suspend the operator's license of any person whose record reveals an accumulation of 11 points or more: Section 619.1(i). In such case, it is required that the first suspension imposed upon such a licensed operator be for a period of 60 days, unless otherwise provided by the statute: Section 619.1(k). However, in the case of a nonresident, discretion as to suspension vel non still rests with the secretary.

In the case before us, appellant was convicted of operating his vehicle at a speed which was 20 miles in excess of the legal limit of 35 miles per hour. This offense constitutes one of the exceptions under section 619.1(k). Had appellant been a Pennsylvania resident and licensed operator of this Commonwealth, such a violation would have required the

secretary to apply six points to his record, and not only would have permitted, but rather would have obliged him, to impose a suspension of appellant's operating privileges for 15 days, even though it be a first offense: Section 619.1(b). Inasmuch as section 618(d), quoted above, permits the secretary to suspend a nonresident's operating privileges ". . . for any cause for which the license of a resident operator may be suspended, . . ." the suspension in this case is thus clearly authorized by law.

In an appeal from a license suspension, it is the duty of this court ". . . to determine whether the petitioner is subject to suspension . . . under the provisions of this act": section 620 of The Vehicle Code, 75 PS §620. The court has no other function. It cannot substitute its discretion for that of the secretary. It must say "yes" or "no" and may not modify the secretary's suspension order if the suspension is authorized by law: Commonwealth v. Moogerman, 385 Pa. 256, 258 (1956). As stated in Commonwealth v. Garman, 361 Pa. 643 (1949), at page 646, the question before the court is ". . . to determine *whether the petitioner is subject to suspension of operator's license*; that question must be answered by the court either affirmatively, in which case it should sustain the suspension ordered by the Secretary, or negatively, in which case it should reverse the suspension and direct a reinstatement of the license." (Italics supplied.)

It is noted in passing that the suspension imposed upon appellant is for a period of two months, whereas a resident operator, for the same offense, would receive but a 15-day suspension. It must be remembered, however, that appellant is not subject to the further sanctions which would be imposed upon the resident operator, to wit, the imposition of points upon his driving record under the point system, the requirement that he undergo a special examination as

provided for in section 608(g) of The Vehicle Code, or the requirement that he attend a driver improvement school. It must also be remembered that the suspension of appellant's operating privileges relates only to his use of the public highways within the Commonwealth of Pennsylvania. His New York operator's license, if not otherwise invalidated by the State of New York, will permit him to freely drive a motor vehicle in all other areas of this country. And even though we were to believe, which we do not, that the period of suspension is excessive, we would have no authority to reverse the action of the secretary on this ground: Breskman Motor Vehicle Operator License Case, 210 Pa. Superior Ct. 352, 354 (1967).

Accordingly, we make the following

## ORDER

And now, January 20, 1969, the within appeal is overruled and dismissed; the order of the Secretary of Revenue entered June 17, 1968, suspending appellant's operator's privileges for a period of two months is hereby reinstated, and the supersedeas heretofore granted is hereby set aside.