### Devin License

*William L. Goldman*, for appellant.
*R. Barry McAndrews*, for Commonwealth.

GARB, J., May 28, 1971.—Appellant has taken this appeal from the action of the Secretary of Revenue suspending his operator's privileges for a period of one year under the provisions of section 618(a)(2) of The Vehicle Code of April 29, 1959, P. L. 58, §618, as amended by the Act of January 8, 1960, P. L. (1959) 2118, sec. 1, 75 PS §618(a)(2). Hearing having been held before the undersigned, we make the following

### FINDINGS OF FACT

1. On May 16, 1967, appellant entered a plea of guilty and was thereby convicted of operating a motor vehicle in this Commonwealth at a time when he was unlicensed to do so in violation of section 601 of The Vehicle Code, a first offense.

2. At the aforesaid time, appellant was a resident of Morrisville, Bucks County, Pa., having moved there from Trenton, N.J., in either October or November of 1966.

3. On June 8, 1967, appellant did present himself at the Pennsylvania State Police Barracks in Trevose, Bucks County, Pa., for the purpose of making application for a Pennsylvania operator's license. He at that time took a written test, passed same, and took an eye examination. He was then told that a formal application for an operator's license would be forwarded to him from Harrisburg forthwith.

4. On or about August 11, 1967, appellant was again arrested for operating a motor vehicle in this Commonwealth at a time when he was not licensed to do so in violation of section 601 of The Vehicle Code, a second offense, a misdemeanor. He did enter a plea of guilty to the aforesaid offense in this court on October 30, 1969.

5. On August 11, 1967, the date of the foregoing arrest, appellant had not as yet received from Harrisburg the formal application for an operator's license.

6. Immediately thereafter, appellant telephoned the Bureau of Motor Vehicles in Harrisburg and made inquiry as to his formal application for an operator's license. Shortly thereafter, appellant received the aforesaid application, completed same on August 29, 1967, and the issuance of his license was approved by the department on September 5, 1967.

7. At all times relevant hereto, appellant was duly licensed to operate a motor vehicle by the State of New Jersey.

8. Appellant is a vice-president of a food preparation and hospital equipment company based in Trenton, N. J., but which does business equally in New Jersey and Pennsylvania, whose primary responsibilities in the business are to inspect the site installations and, therefore, uses his automobile for that purpose.

9. Appellant drives approximately 15,000 miles per year.

10. Appellant has been a licensed operator of motor vehicles for approximately 14 years, during which time these two violations and one other for an expired inspection sticker were the only ones he has suffered in this Commonwealth or in any other jurisdiction.

11. Appellant has been involved in two automobile accidents during the entire time he has been operating motor vehicles, neither of which was his fault.

## DISCUSSION

Although this suspension was imposed under the provisions of section 618(a)(2) of The Vehicle Code, which provides that the secretary may suspend the operating privileges of any person with or without a hearing, and apparently no hearing was held, this appeal does lie under section 620 of The Vehicle Code, as amended by the Act of August 6, 1963, P. L. 509, sec. 1, 75 PS §620: Jones License, 30 D. & C. 2d 472

(1962). Accordingly, this appeal is de novo and it is for us to determine whether the secretary has abused his discretion in assessing this suspension. Therefore, it is for us to determine whether there are such extenuating or mitigating circumstances considering the entire case in the totality of its circumstances as to warrant the suspension: Commonwealth v. Emerick, 373 Pa. 388 (1953); Commonwealth v. Wagner, 364 Pa. 566 (1950). Clearly, we may not reverse the Secretary of Revenue on the basis of abuse of discretion solely because of the length of the suspension imposed (Breskman Motor Vehicle Operator License Case, 210 Pa. Superior Ct. 352 (1967)), nor may we reduce the period of suspension itself: Drummond License, 44 D. & C. 2d 551 (1967). We must consider anew solely whether or not the secretary has abused his discretion and either reverse or affirm the suspension.

Considering all of the surrounding and attending circumstances of the case before us, we are satisfied that the secretary abused his discretion in imposing this suspension. It cannot be doubted or denied that appellant did violate The Vehicle Code on two occasions, each of which resulted in a conviction. However, that fact alone is not a sufficient basis upon which to sustain the suspension in light of all of the mitigating circumstances before us: Jones License, supra. At the time of his first conviction for violation of section 601 of The Vehicle Code, appellant had been a resident of this Commonwealth for a period of only six or seven months and was the holder of a valid operator's license from the State of New Jersey, where he had previously been resident. Immediately after this conviction, he made application for a Pennsylvania motor vehicle operator's license and in good faith proceeded to do all he could in order to conform with the law of this Commonwealth. For reasons totally unexplained

to us, the Commonwealth failed to forward his application for a motor vehicle operator's license until after his second arrest in August of 1967, and only then as the result of his phone call to the Bureau of Motor Vehicles. Why it took the Commonwealth over two months to forward the application from Harrisburg is totally unexplicable to us. Up to this time, appellant did all he could to secure an operator's license in this Commonwealth. Immediately upon receiving the application from Harrisburg, he completed same and forwarded it to Harrisburg and was thereupon afforded a motor vehicle operator's license.

In addition to the foregoing, appellant has had a virtually blameless driving record, having been convicted of only one minor vehicle infraction, an expired inspection sticker violation, with the exception of the two violations before us. Although he was involved in two motor vehicle accidents over a period of 14 years, he was at fault in neither. We consider this an exemplary record in view of the fact that he drives a total of 15,000 miles each year. Furthermore, although we recognize that economic hardship alone is not a basis upon which to reverse a license suspension (Dudreck Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 275 (1969); Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969); Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53 (1968)), the fact that he operates his motor vehicle in furtherance of, and in conjunction with, his business activity is one of the many factors to be considered in determining whether there are sufficient extenuating circumstances to justify a reversal of the secretary. We are satisfied that the economic factor together with all of the other mitigating circumstances in this case, i.e., the fact that he proceeded in all good faith to secure a Pennsylvania operator's license imme-

diately after his first arrest, and his exemplary driving record, both accident-wise and violation-wise, furnish a sufficient basis upon which to find an abuse of discretion on the part of the secretary. We believe that this case is virtually indistinguishable from Commonwealth v. Drummond, supra, in which the same result was reached.

Accordingly, we enter the following

ORDER

And now, May 28, 1971, the appeal filed herein from the order of the Secretary of Revenue suspending the motor vehicle privileges of appellant for one year is hereby sustained. The secretary is directed to reinstate appellant's motor vehicle operating privileges forthwith.