**Sponsky License**

*J. Douglas Wolfe,* for appellant.
*Walter Criste,* for Department of Transportation.

ABOOD, *J.,* July 31, 1978—Petitioner was arrested on the charge of driving while under the influence in Blair County in February of 1977. At

trial on the matter he was found guilty and no appeal was taken from the conviction and sentence. The conviction at trial occurred on May 24, 1977. A certification of the disposition was made by the Blair County Clerk of Courts to the Bureau of Traffic Safety on May 25, 1977. Petitioner was notified by the Bureau of Traffic Safety, by notice dated February 17, 1978, of a one-year revocation of his operating privileges which was to be effective as of March 10, 1978.

The new Vehicle Code of June 17, 1976, P.L. 162, provided that many of its provisions become effective as of July 1, 1977. The new code provides for a six-month suspension of driving privileges for a conviction on the charge of driving while under the influence, while the old code called for a one-year suspension.

Petitioner, when he was arrested on February 27, 1977, was charged with driving while under the influence of an intoxicant under The Vehicle Code of April 29, 1959, P.L. 58, as amended, which was still in effect at the time. When the one-year suspension was imposed in February of 1978, the 1976 Vehicle Code was in effect which provides for a six-month suspension on the identical charge.

Which code, as regards the length of suspension, is applicable?

Petitioner contends the new code should apply. He argues that any action taken by the Department of Transportation after the effective date of the 1976 code must be controlled by that code. He relies on sections 1961 and 1962 of the Pennsylvania Consolidated Statutes of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §§1961 and 1962, and the cases decided thereunder as the basis for his conclusions.

However, in the case of Meredith v. Depuy, 88 Dauph. 86 (1967), a situation similar to the case at hand was presented to that court. The 1959 Vehicle Code was in effect. Petitioner there was arrested for speeding on January 5, 1966. On January 24, 1966, the legislature passed an amendment to the 1959 code which provided for a point system. He was convicted on March 1, 1966 (after the act was passed but before its effective date). His driving privileges were suspended for two months on March 10, 1967 (after the effective date of the act). He appealed, arguing the penalty should have been the imposition of points as called for under the act of January 24, 1966, rather than a suspension as called for under the prior act. The court ruled that the law in effect at the time of the offense controlled and that the new act did not have retroactive effect.

In the case of Digangi Motor Vehicle Operator License, 209 Pa. Superior Ct. 444, 229 A. 2d 9 (1967), the Superior Court came to the identical conclusion that the Dauphin County Court decided. See pages 448 and 449 of that decision.

Consequently petitioner in this case is subject to the provisions of section 616(1) of the 1959 Vehicle Code.

Accordingly, the following order is entered.


ORDER


And now, July 31, 1978, the appeal of petitioner is denied and the Bureau of Traffic Safety, Department of Transportation, is directed to notify petitioner of the revocation period to be imposed consistent with this opinion.