Kerr Motor Vehicle Operator License Case.

Argued November 13, 1968.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., December 12, 1968:

This appeal is ruled by our opinion filed this day in *Lucchetti Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 397, 249 A. 2d 783. The factual situation and reasoning of the hearing judge appear in the following excerpt from the opinion below:

"On April 1, 1967, appellant was apprehended for speeding at the rate of 76 miles per hour in a 50 mile per hour speed zone, by Troopers of the Pennsylvania State Police, along Route 30 in Unity Township, Westmoreland County, Pennsylvania.   The speed had been timed by a properly tested speedometer and for a distance of one-quarter of a mile.   An Information was filed before Justice of the Peace, Anthony Mosso, and

a fine and costs were paid. Appellant has no prior record of operating violations.

"The appellant testified on his own behalf. He is married and has three children, all of whom are under five years of age. He is employed as a collection agent for Brookline Savings and Trust Company and he testified that he is the sole support of himself, his wife, and his children, and that he depends upon the use of his operating privileges to pursue his occupation. He testified that he operates a motor vehicle in excess of 50,000 miles per year. In reference to the violation in question, he testified that there was no danger to life, limb or property as a result of his operation of his motor vehicle.

"It is the opinion of this Court that this is a case of speed and speed alone, without any attendant or aggravating circumstances. In light of appellant's past operating record and under all of the other circumstances here present, this Court is of the opinion that appellant's operating privileges should be restored. Commonwealth v. Wagner, 364 Pa. 566 (1950)".

Although appellee's speeding violation occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, it took place in a zone where the Secretary of Highways had established a 50 mile speed limit under the provisions of Section 1002(b)(8) of The Vehicle Code (75 P.S. 1002(b)(8)), to which the point system does not apply. The instant suspension by the Secretary of Revenue was properly imposed under the provisions of Section 618(b)(2) (75 P.S. 618(b)(2)).

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.