Moffa Motor Vehicle Operator License Case.

Argued April 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Morrison F. Lewis, Jr.,* for appellee.

OPINION BY WRIGHT, P. J., June 12, 1969:

On September 25, 1967, on Route 30 in North Huntingdon Township, Westmoreland County, Joseph J. Moffa was apprehended by a police officer for operating his Ford Roadster at a rate of seventy miles per hour in a fifty mile per hour speed zone established by the Secretary of Highways under Section 1002(b) (8) of The Vehicle Code.[1] An information was filed by the officer before a magistrate, and Moffa paid the fine and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing, February 15, 1968, at which Moffa appeared and testified. On May 7, 1968, the Secretary suspended Moffa's operating privilege for a period of two months. On October 11, 1968, the Court of Common Pleas of Westmoreland County sustained an appeal by Moffa, and directed the Secretary of Revenue to restore his operating privilege. The Commonwealth has appealed to this court.

The action of the court below was based upon the following findings of fact: "1. The petitioner resides at 136 Manor Street, Delmont, Westmoreland County, Pennsylvania. 2. That the petitioner is employed at the Elliott Company, Jeannette, Westmoreland County, Pennsylvania. 3. That the petitioner has no means

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 1002(b)(8).

other than driving to get to his place of employment. 4. That at the time of the alleged violation, the petitioner was returning from the Presbyterian Hospital, Pittsburgh, Pennsylvania. 5. That at the time of the said violation, the speedometer of the petitioner's vehicle registered fifty miles an hour. 6. That there were no aggravating circumstances surrounding the alleged violation. 7. That the petitioner had no previous record of violations of the Motor Vehicle Code. 8. It would work a hardship on the petitioner if he lost his operator's license for two months".

The factual findings which influenced the court below do not furnish a basis for charging the Secretary of Revenue with an abuse of discretion. Our Supreme Court has flatly ruled that economic hardship is an insufficient reason to excuse a speeding violation, and that an operator's license may be suspended on the basis of unlawful speed alone. See *Lucchetti Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 397, 249 A. 2d 783, and cases therein cited. The fact that the violation occurred while Moffa was returning from a visit to the hospital may arouse sympathy, but has no relevancy. Nor do we find merit in the argument of counsel that the violation was merely technical because the speedometer registered incorrectly. Cf. *Sladky Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 403, 249 A. 2d 786. The authority of the case of *Commonwealth v. Wagner*, 364 Pa. 566, 73 A. 2d 676, relied upon by counsel, has been substantially limited by later decisions: *Crowell Motor Vehicle Operator License Case*, 214 Pa. Superior Ct. 273, 257 A. 2d 613.

Although Moffa's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, it is not a violation to which the point system applies. The sus-

pension was properly imposed by the Secretary under the provisions of Section 618(b)(2), 75 P.S. 618(b)(2). See *Kerr Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 406, 249 A. 2d 787.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.