Crowell Motor Vehicle Operator License Case.

Argued April 15, 1969. Before WRIGHT, P.J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., June 12, 1969:

On March 11, 1967, in Hempfield Township, Westmoreland County, Charles E. Crowell had in his possession and displayed to a police officer an operator's license knowing the same to be altered. The nature of the alteration was a change in the date of the operator's birth. An information was filed by the officer before a magistrate charging a violation of Section 624(1) of The Vehicle Code,[1] and Crowell paid the fine and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing, October 26, 1967, at which Crowell appeared and testified. On December 15, 1967, the Secretary suspended Crowell's operating privilege for a period of three months. On September 23, 1968, the Court of Common Pleas of Westmoreland County sustained an appeal by Crowell, and directed the Secretary of Revenue to restore his operating privilege. The Commonwealth has appealed to this court.

The learned hearing judge reasoned that there was no showing of adverse road conditions or heavy traffic, that there was no reckless conduct involved, that Crowell had no prior violations, and that he needed his driving license to enable him to work and earn a livelihood. Sole reliance was placed upon *Commonwealth v. Wagner*, 364 Pa. 566, 73 A. 2d 676. As we pointed out in *Lucchetti Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 397, 249 A. 2d 783, the authority of the *Wagner* case has been substantially limited by later decisions of our Supreme Court. The considerations which influenced the court below do not furnish a basis for finding an abuse of discretion on the part

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 624(1).

of the Secretary of Revenue. It therefore follows that Crowell's appeal was improperly sustained.

It should perhaps be noted that, although Crowell's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, it is not a violation to which the point system applies. The suspension was properly imposed by the Secretary under the provisions of Section 618(b)(2), 75 P.S. 618(b)(2).

The order of the court below is reversed and the order of the Secretary of Revenue is reinstated.