## Dudreck Motor Vehicle Operator License Case.

Argued April 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., June 12, 1969:

On September 23, 1967, in Jefferson Township, Butler County, Albert Dudreck was apprehended by a State Policeman for operating his Ford Coupe on Route 356, at a rate of seventy-five miles per hour in a forty-five mile per hour speed zone established by the Secretary of Highways under Section 1002(b)(8) of The Vehicle Code.[1] An information was filed by the officer before a magistrate, and Dudreck paid the fine and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing, February 20, 1968, at which Dudreck appeared and testified. On April 22, 1968, the Secretary suspended Dudreck's operating privilege for a period of one month. On September 23, 1968, the Court of Common Pleas of Westmoreland County, wherein

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 1002(b)(8).

Dudreck resided, reversed the action of the Secretary and directed that Dudreck's operating privilege be restored. This appeal by the Commonwealth followed.

The learned hearing judge reasoned that Dudreck was required to maintain his driving license to enable him to work and earn a livelihood, that he had no prior violations, that there was no showing of adverse road conditions or heavy traffic, and that there was no reckless conduct involved. As we pointed out in an opinion filed this day in *Crowell Motor Vehicle Operator License Case*, 214 Pa. Superior Ct. 273, 257 A. 2d 613, these conditions do not furnish a basis for finding an abuse of discretion on the part of the Secretary of Revenue. A motor vehicle operator's license may be suspended on the basis of unlawful speed alone: *Lucchetti Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 397, 249 A. 2d 783. Reversal is therefore mandated.

Although Dudreck's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, it is not a violation to which the point system applies. The suspension was properly imposed by the Secretary under the provisions of Section 618(b)(2), 75 P.S. 618(b)(2). See *Kerr Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 406, 249 A. 2d 787.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.