Cappo Motor Vehicle Operator License Case.

Argued April 15, 1969. Before WRIGHT, P. J. WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

282

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., June 12, 1969:

On December 31, 1965, on the Pennsylvania Turnpike in Cumberland County, Harold E. Cappo was apprehended by a State Policeman for operating a tractor-trailer at a rate of sixty-eight miles per hour when the maximum speed for tractor-trailers was restricted to fifty miles per hour under authority of Section 1002(b)(7) of The Vehicle Code.[1] An information was filed by the officer before a magistrate, and Cappo paid the fine and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing at which Cappo appeared and testified. On April 26, 1968, the Secretary suspended Cappo's operating privilege for a period of eight months. On November 21, 1968, the Court of Common Pleas of Westmoreland County, wherein Cappo

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 1002(b)(7).

resided, reversed the action of the Secretary and directed that Cappo's operating privilege be restored. This appeal by the Commonwealth followed.

The action of the court below was based upon the following findings of fact: "1. That the objection of the defendant to the admission of the certificate from the official speedometer testing station is hereby denied, and the certificate is admitted. 2. That the petitioner, Harold E. Cappo, is a resident of Vandergrift, Westmoreland County, Pennsylvania. 3. That the petitioner is a mechanic and is employed by the Colonial Ford Sales in Export, Pennsylvania. 4. That the alleged violation took place at approximately 5:45 a.m. on a downgrade portion of the highway. 5. That at the time of the alleged violation there were no aggravating circumstances surrounding the violation. 6. That no certificate of the official notification of the withdrawal of motor vehicle privileges was offered or admitted into evidence. 7. That the operator's license of the petitioner is necessary in his employment, and that it would create a great hardship to have his operating privileges suspended. 8. That the petitioner had three previous violations in the year 1965 for which he was given a warning letter for the first violation, two months' suspension for the second violation, and three months' suspension for the third violation which he served. 9. That in the three previous violations the petitioner was driving sixty-two miles an hour in a fifty-mile zone".

In the light of our many recent decisions in similar cases, the action of the lower court cannot be sustained. The evidentiary findings which influenced the learned hearing judge do not furnish a basis for charging the Secretary of Revenue with an abuse of discretion: *Moffa Motor Vehicle Operator License Case*, 214 Pa. Superior Ct. 278, 257 A. 2d 615. Particularly, the

284

fact that Cappo had served two suspension periods for prior violations during the same year is not an extenuating circumstance. Cf. *Klitsch Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 53, 245 A. 2d 688.

It should perhaps be noted that, since this violation occurred before the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, the suspension was properly imposed by the Secretary under the provisions of Section 618(b)(2), 75 P.S. 618(b)(2).

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.