Faulisi Motor Vehicle Operator License Case.

Argued April 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., June 12, 1969:

On May 1, 1965, on the Pennsylvania Turnpike in Somerset County, Santo F. Faulisi was apprehended by a State Policeman for operating a tractor-trailer at a rate of sixty miles per hour when the maximum speed for tractor-trailers was restricted to fifty miles per hour under authority of Section 1002(b)(7) of The Vehicle Code.[1] An information was filed by the officer before a magistrate, and Faulisi paid the fine and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing at which Faulisi appeared and testified. On September 20, 1968, the Secretary suspended Faulisi's op-

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 1002(b)(7).

erating privileges for a period of one month, effective October 3, 1968. On November 21, 1968, the Court of Common Pleas of Westmoreland County, wherein Faulisi resided, reversed the action of the Secretary and directed that Faulisi's operating privilege be restored. The Commonwealth has appealed.

The action of the court below was based upon the following findings of fact: "1. The petitioner, Santo F. Faulisi, is a resident of Irwin, Westmoreland County, Pennsylvania. 2. The petitioner is employed as a truck driver for Helms Express Company. 3. The alleged violation took place on the Pennsylvania Turnpike, a four-lane, divided highway. 4. There were no aggravating circumstances surrounding the alleged violation. 5. The petitioner denies violating the speed limit by driving sixty miles an hour in a fifty-mile zone. 6. The petitioner admits that he was traveling fifty-five miles an hour according to his speedometer. 7. The violation was measured by means of radar which allows six miles over the speed limit to compensate for any error. 8. The petitioner did not violate the speeding laws of the Commonwealth of Pennsylvania".

It is apparent that the court below based its decision on two grounds. The first ground (finding 4) was that there were no aggravating circumstances surrounding the alleged violation. So far as this ground is concerned, our many recent cases, commencing with *Lucchetti Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 397, 249 A. 2d 783, have clearly established that the absence of aggravating circumstances does not justify a reversal of the Secretary's action.

The second ground (finding 8) was that "the speeding laws" had not been violated. However, this finding directly contravenes Faulisi's admission (finding 6) that he was traveling fifty-five miles per hour. Section 1002(d.1)(1)(iv) of The Vehicle Code, supra, 75

P.S. 1002(d.1)(1)(iv), contains the following provision: "No conviction shall be had upon evidence obtained through the use of radar apparatus unless . . . (iv) the speed recorded is six or more miles per hour in excess of the legal speed limit". In the instant case the speed recorded was sixty miles per hour, which was ten miles per hour in excess of the legal speed limit. If the six miles per hour allowance is deducted, Faulisi's speed would still be fifty-four miles per hour, approximating his own admission. The six miles per hour allowance which influenced the court below (finding 7) applies only to the method of calculating speed through the use of radar apparatus. It does not operate to increase the speed limit.

We are impelled to add that the violation in question occurred prior to the effective date of the amendment to The Vehicle Code establishing the point system. The suspension was properly imposed by the Secretary under the provisions of 618(b)(2), 75 P.S. 618(b)(2). Cf. *Cappo Motor Vehicle Operator License Case,* 214 Pa. Superior Ct. 281, 257 A. 2d 617.

The order of the court below is reversed and the order of the Secretary of Revenue is reinstated.