**Britton License**

*Edward L. Willard,* for appellant.
*John L. Geiser,* for Commonwealth.

CAMPBELL, P. J., October 2, 1969.—Defendant was charged with a violation of section 1002(b)(8) of The Vehicle Code of April 29, 1959, P. L. 58; 79 miles in a 45-mile zone. He paid the required fine and costs. In due course, the Secretary of Revenue suspended his license for a period of four months pursuant to section 618(b)(2). Defendant appealed, raising the following points:

1. Inequality of punishment between offenses covered by the "point system" and those which are not. It is contended that this violates section 1 of the Fourteenth Amendment of the United States Constitution.

2. The action of the secretary is both arbitrary and unreasonable.

It is obvious from the statute setting up the point system that it did not apply to all sections of The Vehicle Code. The sections to which it was to apply were specifically enumerated. It has been held not to apply

to section 1002(b)(8): Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969). Others have been likewise excluded, as for example section 624(1): Crowell Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 273 (1969). While we may question the advisability of the inclusion or exclusion of any particular section under the point system, we must admit that the statute applies to all Pennsylvania residents who are governed thereby. Uniform penalties are not prescribed for the violation of every section of the code. We see no constitutional violation.

In comparing severity of penalty, one must remember that under the point system, in addition to a period of suspension, points are also assessed which may seriously jeopardize the violator's operating privileges in the future.

Where the section is not covered by the point system (section 619.1), suspension is properly imposed under other appropriate sections of the code: Crowell Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 273 (1969); Kerr Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 406 (1968).

Defendant next argues that since this section was not controlled by the point system (section 619.1), he, therefore, is not restricted on appeal to challenging the fact of conviction and the correctness of the points but, on the contrary, could attack the merits of the suspension. With this position, we agree. Nothwithstanding this position, we do not believe defendant is entitled to relief. See Lucchetti Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 397 (1968), and cases therein cited.

Therefore, defendant's appeal is denied and the order of the Secretary of Revenue affirmed. Costs to be paid by defendant.