Bridge Motor Vehicle Operator License Case.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*R. Joel Weiss,* Deputy Attorney General, with him *Elmer T. Bolla,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., December 10, 1969:

On December 21, 1966, on Route 30 in Hempfield Township, Westmoreland County, Daniel Bridge, Jr., was apprehended by a police officer for operating his

6

Ford automobile at a rate of eighty-six miles per hour in a fifty mile per hour speed zone established by the Secretary of Highways under Section 1002(b)(8) of The Vehicle Code. Act of April 29, 1959, P. L. 58, 75 P.S. 1002(b)(8). An information was filed and, following a waiver of hearing before the magistrate, Bridge was adjudged guilty, March 31, 1967, by Judge SCULCO in the Court of Quarter Sessions of Westmoreland County at No. 229 April Term 1967. He thereafter paid a fine of $10.00 and costs. Having received a report of this conviction, the Secretary of Revenue conducted a departmental hearing, May 14, 1968, at which Bridge appeared and testified. On July 1, 1968, the Secretary suspended Bridge's operating privilege for a period of two months. On January 10, 1969, the Court of Common Pleas of Westmoreland County sustained an appeal by Bridge, and directed the Secretary of Revenue to restore his operating privilege. The Commonwealth has appealed to this court.

The learned hearing judge reasoned that Section 1002(b)(8) "does not provide for any violation for excessive speed". Not only is this reasoning inconsistent with Judge SCULCO's disposition of the summary conviction case, but also it is in direct conflict with the position of this court in our prior cases. Reversal is therefore mandated. Inter alia, see *Commonwealth v. Winings*, 212 Pa. Superior Ct. 246, 243 A. 2d 485; *Kerr Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 406, 249 A. 2d 787; *Moffa Motor Vehicle Operator License Case*, 214 Pa. Superior Ct. 278, 257 A. 2d 615.

Although Bridge's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, it is not a violation to which the point system applies. The suspension was properly imposed by the Secretary under

the provisions of Section 618(b)(2), 75 P.S. 618(b) (2). Cf. *Dudreck Motor Vehicle Operator License Case,* 214 Pa. Superior Ct. 275, 257 A. 2d 614.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.