## LoSchiavo License

*R. Barry McAndrews*, for Commonwealth.

*Steven A. Cotlar*, for appellant.

GARB, J., July 16, 1970.—Appellant has appealed from the order of the Secretary of Revenue of this Commonwealth suspending his Pennsylvania operator's license for a period of two months, effective May 8, 1970, under and pursuant to section 618(b)(2) of

The Vehicle Code, 75 PS §618. Upon hearing held before the undersigned, we make the following

### FINDINGS OF FACT

1. On January 3, 1969, appellant resided at 12 Roundabout Lane, Levittown, Bucks County, Pa., where he had resided with his wife and three children since October 1968, having at that time moved there from New Jersey.

2. On the aforesaid date, at about 12:35 a.m., appellant was operating his motor vehicle, a 1968 Pontiac convertible, then and there duly registered by the Commonwealth of Pennsylvania, bearing license plate 7S8454 on Newportville Road, Bucks County, Pa.

3. At the aforesaid time and place, the said Newportville Road was a two-lane highway in a general business, school and residential area, approximately 45 feet wide, with a posted speed limit with signs posted every one-eighth of a mile of 35 miles per hour. The roadway was dry and the weather clear.

4. Appellant was followed by a police officer in a police vehicle in which the speedometer had been tested and approved for accuracy within 30 days of the foregoing date and was clocked for a distance of six-tenths of one mile at a speed of 55 miles per hour.

5. As a result of the foregoing, appellant was issued a summons for violation of section 1002(b)(4), 75 PS §1002(b)(4), and entered a plea of guilty thereto before the justice of the peace, paying the fine and costs imposed.

6. At the aforesaid time and place, appellant was the holder of a valid motor vehicle operator's license issued by the State of New Jersey, but was not licensed to operate a motor vehicle in the Commonwealth of Pennsylvania.

7. As a result of the foregoing conviction for violation of section 1002(b)(4), the Secretary of Revenue

issued the within license suspension from which appellant has taken this appeal.

8. At the time of notice of suspension, appellant was duly licensed by the Commonwealth of Pennsylvania.

## DISCUSSION

From the facts heretofore found, there can be no question that appellant was properly convicted of a violation of section 1002(b)(4) of The Vehicle Code. He was clocked for a distance of six-tenths of a mile by a police officer in a police vehicle with a speedometer which had been tested and calibrated within 30 days and his speed found to be 55 miles per hour in an area with a speed limit which was duly marked every one-eighth of a mile of 35 miles per hour. It is our understanding that appellant does not contest these facts, but rather complains of the fact that the suspension was imposed under section 618(b)(2), rather than section 619.1, the so-called point system section of The Vehicle Code. We find, contrary to the contention of appellant, that the suspension was properly imposed under section 618(b)(2) rather than section 619.1 of The Vehicle Code.

Appellant contends that he was licensed under the provisions of section 601 of The Vehicle Code and that, therefore, the point system of section 619.1 is mandated. In this respect, his argument misses the mark. Section 601 is not, in fact, a licensing provision, but rather provides only that no person shall operate any motor vehicle upon a highway of this Commonwealth unless such person has been licensed as an operator by the department "under the provisions of this act." Based upon the foregoing provisions of section 601, appellant contends that by its reference to the "provisions of this act," it has reference to all of the licensing provisions of The Vehicle Code and

that, therefore, all license suspensions are mandated under the new point system. In citing Miskey License, 46 D. & C. 2d 14 (Chester, 1968), he draws the analogy between suspension of junior licenses and senior licenses which was the factual situation before that court. We are not compelled to decide in order to determine the controversy before us the question of whether suspension of junior license holders or, for that matter all license holders, are now mandated to be processed under section 619.1.[1] Even if we were to follow the rationale of Miskey and Rogers, appellant's license could not be saved. The rationale of those cases is based upon the language of section 619.1(b) providing for a point system applicable to all persons licensed under the provisions of section 601. Inasmuch as section 601 merely provides that no person shall operate a motor vehicle unless licensed to do so under the provisions of The Vehicle Code and inasmuch as section 604.1, providing for the junior license, is a provision of The Vehicle Code, then licensing under section 604.1 relates to section 601 which, therefore, is controlled for suspension purposes by section 619.1. However, that analogy does not apply to the case before us because at the time of the violation appellant herein was not licensed to operate a motor vehicle in

---

[1] As a point of interest we note that there is at least a three way split in this Commonwealth on the question of whether junior license holders must be suspended under section 619.1: Miskey License, supra, and Rogers License, 43 D. & C. 2d 500 (Chester, 1967) so held. On the contrary, Toth License, 47 D. & C. 2d 299 (Lehigh, 1969) and Commonwealth v. Senft, 82 York 43 (1968), held that section 619.1 does not apply to the suspension of a junior operator's license. A third position is taken in Fink License, 45 D. & C. 2d 642 (Lycoming, 1968), wherein it was held that the secretary has the discretion of suspension of a junior operator's license under either section 619.1 or 604.1. See also Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409 (1968).

this Commonwealth under any provision of The Vehicle Code. Appellant purported to operate a motor vehicle on the highways of this Commonwealth by virtue of the authority of a license issued by the State of New Jersey. Therefore, he could only lawfully be operating under section 603 of The Vehicle Code, 75 PS §603, providing that a nonresident who has been duly licensed as an operator under a law requiring the licensing of operators in his home State or country, shall be permitted to operate a motor vehicle in this Commonwealth. Regardless of whether this provision can be considered to be a licensing provision or an exception to the licensing provisions,[2] appellant cannot fall within this provision, because he was a resident of the Commonwealth of Pennsylvania at the time of his apprehension and not a nonresident as is required under section 603. Therefore, not being licensed under any provision of The Vehicle Code, he cannot fall within the ambit of section 601 and therefore this case is not controlled by the provisions of section 619.1. As such, he falls within the provisions of section 618(b)(2) providing that it applies to any such person committing any violation of the laws of this Commonwealth relating to motor vehicles, except those violations committed by persons licensed under the provisions of section 601. Therefore, we find that the suspension was imposed under the proper section of The Vehicle Code.[3]

Appellant argues, however, that if, in fact, the suspension was imposed under the proper section, the disparity in the period of suspension under section 618(b)(2) and 619.1 is such as to violate his rights

---

[2] In the latter event this may therefore not be applicable to Section 601.

[3] See Conlan, Jr. License, 47 D. & C. 2d 596, 19 Bucks 281 (1969).

to equal protection of the laws under Amendment Fourteen of the United States Constitution. His argument that the disparity in treatment of residents as opposed to nonresidents is a violation of equal protection is inapplicable, because, as heretofore found, appellant was a resident of Pennsylvania at the time of the violation of The Vehicle Code out of which this suspension was rendered and likewise at the time of the suspension itself. It is clear that the secretary did not lose his right to suspend for violations of The Vehicle Code, not specifically covered by section 619.1, under some other applicable section of The Vehicle Code: Bridge Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 4 (1969).[4]

Having found that the suspension was imposed under the proper section, we can find no basis for disturbing the secretary's exercise of his discretion. The evidence clearly shows that appellant exceeded the speed limit by 20 miles per hour, and it has often been held that speed alone is a sufficient basis upon which to suspend an operator's license: Commonwealth v. Moogerman, 385 Pa. 256 (1956); Lucchetti Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 397 (1968); Crowell Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 273 (1969); Dudreck Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 275 (1969), and Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969). Although appellant testified that he needs his operator's license in order to be able to drive to and from work, it is clear that a license suspension

---

[4] We note in passing that it has been held in this county and elsewhere that the disparity of treatment for license suspension purposes of residents and nonresidents does not constitute a violation of equal protection provisions. See Goodheart Automobile License Case, 18 Bucks 615 (1969), and Toth License, supra.

may not be reversed solely on the grounds of economic hardship: Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53 (1968); Sladky Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 403 (1968); Kerr Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 406 (1968); Angelicchio Motor Vehicle Operator Case, 213 Pa. Superior Ct. 409 (1968); Moffa Motor Vehicle Operator License Case, supra; Dudreck Motor Vehicle Operator License Case, supra.

For the foregoing reasons, we are satisfied that the appeal must be dismissed and the suspension sustained and accordingly enter the following

### ORDER

And now, July 16, 1970, it is hereby ordered, directed and decreed that the appeal be dismissed and the order of the Secretary of Revenue suspending appellant's operator's license be sustained.