## Tomlinson License

*Edward D. Foy,* for appellant.

*R. Barry McAndrews,* for Commonwealth.

BODLEY, J., February 1, 1971.—According to the unrebutted testimony, appellant, Robert S. Tomlinson, purchased a "mini-bike" for his 14-year-old son who, until March 10, 1970, dutifully rode this sophisticated and challenging steed in and about his front yard, notwithstanding the fact that other boys in his neighborhood drove their mini-bikes on the public highways from time to time. Apparently, this situation created some slight discord within the Tomlinson family which eventually, on March 10, 1970, led to a motor vehicle violation charge against the elder Tomlinson, his subsequent license suspension, and to this appeal.

Mr. Tomlinson on that day transported his son and a neighbor's child, with their mini-bikes, to a portion of Creek Road in Warwick Township, which he described as "isolated" and "safe" and then permitted the boys to ride their vehicles on the public highway. Mr. Tomlinson said he knew that the boys

would thus be safe under his watchful eye, since there were no other vehicles or people in the area. However, his statement was not quite accurate, for the Chief of the Warwick Township Police was also on the scene. On these facts, Mr. Tomlinson was charged with having violated section 626 of The Vehicle Code of April 29, 1959, P. L. 58, sec. 626, 75 PS §626.

"No person shall authorize or permit a motor vehicle . . . owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

Tomlinson paid the fine and costs, without hearing, and subsequently, under date of September 15, 1970, was notified by the Secretary of the Department of Transportation that his operating privileges had been suspended for a period of two months under section 618(b)(2) of the code. This was a discretionary act on the part of the secretary inasmuch as the point system does not apply to such violations.

We believe that the secretary in this instance has abused his discretion and, therefore, we shall direct that the order of suspension be reversed.

At the de novo hearing before the undersigned, the Commonwealth offered no testimony. The testimony of appellant was forthright and credible.

The sequence of events is clear: purchase of mini-bike, which is happiness for a 14-year-old; restrictions as to the boy's use of the bike, unhappiness; gradual weakening of fatherly resolution; the technical violation of March 10, 1970, with a subsequent fine and notice of license suspension; the attendant worry and expense of this appeal. Then, completing the full cycle, sale of the mini-bike, the monster that created the problem.

At best, the facts of the case reveal but a technical

violation with none of the aggravating features so often present in a section 626 charge. See, e.g., Croft Automobile License Case, 18 Bucks 628 (1969). And we have many times held that a mere technical violation should not also be the basis for a suspension: Snyder Automobile License Case, 19 Bucks Rep. 197 (1970); McNamee Automobile License Case, 18 Bucks Rep. 149 (1968); and cases cited in each.

Appellant has no prior record of vehicle code violations. There was no traffic at the point of violation, no reckless conduct alleged or shown, no adverse road conditions and no aggravating circumstances whatsoever. We are aware that these mitigating circumstances, in themselves, do not furnish a basis for charging the secretary with abuse of discretion in a license suspension case: Crowell Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 273 (1969). However, it is our duty under section 620 of the code to "take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension" for the alleged violation in question. This means that we must "determine anew" whether the suspension should be imposed: Commonwealth v. Wagner, 364 Pa. 566, 569 (1950). We have done so in this case and hold that, under these peculiar circumstances, the suspension ordered would work an injustice upon appellant.

ORDER

And now, February 1, 1971, the within appeal is sustained and the order of the Secretary of the Department of Transportation dated September 15, 1970, suspending appellant's motor vehicle operator's license for a period of two months is overruled and reversed.