## Edel License

*Mark B. Weber,* for appellant.

*R. Barry McAndrews,* for Commonwealth.

BECKERT, J., April 6, 1971.—We have before us the appeal of John Edel from an order of the Secretary of Revenue suspending his motor vehicle operator's privilege for a period of one month. A hearing de novo was held and we make the following findings from the evidence presented:

### FINDINGS OF FACT

1. Appellant, John Edel, on the date of hearing, resided at 1027 Welsh Road, Philadelphia, Pa. At the date of filing his appeal he was a resident of 3243 Dale Road, Cornwells Heights, Bucks County, Pa.

2. On May 23, 1969, appellant was operating his motor vehicle on County Line Road, Hatboro, Pa. The aforesaid road is a four-lane highway. Appellant, while so operating, was charged with being in violation of section 1002(b)(8) of The Vehicle Code of November 19, 1959, P. L. 1531, sec. 1, 75 PS §1002-(b)(8) for proceeding at a rate of 55 miles per hour in a 45 mile per hour speed zone.

3. Appellant entered a plea of guilty to said charge and made payment to the issuing authority having jurisdiction of a fine and costs totaling $15.

4. Appellant was thereafter afforded a departmental hearing before a representative of the Secretary of Revenue. Appellant appeared and testified. The Secretary of Revenue suspended the operating privileges of appellant for a period of one month from August 3, 1970. The within appeal was filed on August 11, 1970, and made a supersedeas.

5. There were no aggravating circumstances surrounding the violation of the aforesaid provision of The Vehicle Code, traffic at the time was light and within several blocks of the point of the violation the speed limit had been posted at 55 miles per hour, decreasing to 45 miles per hour at the point of the violation.

6. Appellant has been a licensed driver for approximately 17 years and during a portion of that time was a driver-salesman averaging 60,000 miles per year.

7. Appellant's driving record indicates only one previous offense, this having occurred on February 16, 1968, when he was charged with the offense of speeding for going 60 miles per hour in a 45 mile zone. This violation resulted in a warning letter being issued to appellant by the Secretary of Revenue.

## DISCUSSION

Due to the particular provision violated by appellant, namely section 1002(b)(8) of The Vehicle Code, section 618(b)(2), 75 PS §618(b)(2), governs the suspension. This appears to be the only section under 1002 of The Vehicle Code which is not a violation to which the point system applies.

As a result of not embracing section 1002(b)(8) within the amendment to The Vehicle Code establishing the point system, a rather peculiar, and we certainly agree a harsh, result may be obtained. To spell this out, under other sections of 1002(b), namely, 1002(b)(4), (5), (6), (7) and (9) are regulated by

the point system, and when the violation speed is less than 11 miles per hour over the posted speed zone, no suspension is imposed or permitted, the only penalty being the assessment of three points.

It is difficult to rationalize why this particular section was not included within the point system amendment, but it was not and, therefore, unless we find an abuse of discretion on the part of the Secretary of Revenue, we have no recourse but to sustain his action. There are numerous cases holding that a motor vehicle operator's license may be suspended on the basis of unlawful speed alone: Dudreck Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 275 (1969).

While we are influenced and sympathetic to appellant's position, our appellate courts have flatly held that economic hardship is insufficient to excuse a speeding violation, or to reverse the order of the Secretary of Revenue. Nor does the absence of aggravating circumstances: Faulisi Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 284 (1969). Nor are we able to find any comfort in the fact that the speed violation was only 10 miles over the posted speed limit and, therefore, perhaps constituted a "minor violation." In view of our understanding of the law and as mandated by the decisions of our appellate courts, we are required to enter the following:

## ORDER

And now, April 6, 1971, the within appeal is hereby dismissed. The order of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending the operator's license of appellant, John Edel, for a period of one month is hereby reinstated and the supersedeas heretofore granted is set aside.