### Coblentz License

*Liederbach, Eimer & Foy,* for appellant.
*R. Barry McAndrews,* for Commonwealth.

GARB, J., November 24, 1971.—This is an appeal from suspension of appellant's motor vehicle operator's privilege, which suspension was imposed by the Secretary of Transportation under and pursuant to section 618(a)(2) of the Act of December 17, 1969, P. L. 376, sec. 1, 75 PS §618(a)(2). A hearing de novo having been held, we make the following

## FINDINGS OF FACT

1. Appellant is an adult individual licensed to operate motor vehicles on the highways of the Commonwealth of Pennsylvania, residing at 772 Martha Lane, Warminster Township, Bucks County, Pa.

2. On November 20, 1970, appellant's operator's privilege had been suspended by the secretary for a period of 60 days.

3. On January 11, 1971, during the aforesaid period of suspension, appellant was arrested and charged with operating a motor vehicle after his operating privilege had been suspended and before same had been reinstated under and pursuant to the provisions of the Act of August 27, 1963, P. L. 1353, sec. 1, 75 PS §624(6).

4. On April 28, 1971, appellant did enter a plea of guilty to the aforesaid charge and was thereupon duly sentenced; a certification of said conviction was thereafter filed in the office of the Secretary of Transportation by the Clerk of the Criminal Courts of the Court of Common Pleas of this county.

5. Appellant is married, has two children, and is employed as an oiler and driver of a crane over the road.

6. Appellant would be unable to pursue his occupation as a driver of heavy equipment over the road if his license is suspended and he would thereby lose his job.

7. Appellant operates a motor vehicle 25,000 to 50,000 miles per year and was involved in one accident approximately four or five years ago.

## DISCUSSION

Under the provisions of section 618(a)(2) of The Vehicle Code, the section under which this suspension was imposed, the Secretary of Transportation was not mandated to afford a hearing prior to the suspension, Liska License, 27 D. & C. 2d 208 (Mercer County 1962), and we are satisfied that any claim of deprivation of procedural due process which appellant may make is satisfied by the de novo hearing held before us.

Essentially, this is an appeal under section 620 of The Vehicle Code of August 6, 1963, P. L. 509, sec. 1, 75 PS §620, which is appropriate where a suspension is imposed under section 618(a)(2) of The Vehicle Code: Jones License, 30 D. & C. 2d 472 (1962). Therefore, this appeal being de novo, it is for us to determine whether the secretary has abused his discretion in imposition of this suspension. We must determine, therefore, whether there are such extenuating or mitigating circumstances, considering the entire case in the totality of its circumstances to justify the suspension: Commonwealth v. Emerick, 373 Pa. 388 (1953); Commonwealth v. Wagner, 364 Pa. 566 (1950). We may not reverse the secretary on the basis of abuse of discretion solely because of the length of the suspension imposed (Breskman Motor Vehicle Operator License Case, 210 Pa. Superior Ct. 352 (1967)), nor may we reduce the period of suspension itself: Drummond License, 44 D. & C. 2d 551 (1967).

It is appellant's sole contention in this appeal that the secretary abused his discretion in imposing this suspension and relies thereon upon Commonwealth v. Zacharczuk, 94 Montg. 137 (1971). While we agree

with that case to the effect that the scope of review of this court, particularly where there was no hearing before the secretary, is to determine whether there was an abuse of discretion, we believe that that case is distinguishable on its facts. In that case, appellant had been convicted of violation of the Liquor Code of April 12, 1951, P. L. 90, art. IV, sec. 491, as amended, 47 PS §4-491(2), which at the time of conviction was a misdemeanor. He pleaded guilty and paid a fine and costs. The underlying facts were that appellant had traveled to Washington, D. C., and while there had purchased some quantity of wine and was in the process of transporting the wine to his home in Pennsylvania when the arrest occurred. He had not gone to Washington for the purpose of buying the wine and had purchased it solely for his own consumption and not for commercial sale. Appellant was, as heretofore noted, convicted and sentenced for that offense, and the authorities instituted forfeiture proceedings for his motor vehicle, which appellant ultimately won, but was deprived of its use for a period of two months.* The court held that it was an abuse of discretion to impose a license suspension on top of the penalties already imposed upon appellant, particularly when subsequent to appellant's conviction the particular section of the Liquor Code for which he was convicted was reduced by the legislature to a summary offense, which would not have sustained the license suspension under section 618(a)(2) of The Vehicle Code.

The only basis upon which an abuse of discretion can be demonstrated in the case before us is based upon the economic hardship asserted by appellant's contention that he will lose his employment if he is not

---

* The wine was likewise confiscated.

able to retain his license. Notwithstanding the fact that the secretary may by exercise of his discretion permit appellant to operate tractors during the period of suspension under subsection (i) of section 618 of The Vehicle Code, it is abundantly clear by this time that economic hardship alone is not a basis upon which to reverse a license suspension: Dudreck Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 275 (1969); Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969); and Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53 (1968). We find no other mitigating or extenuating circumstances operating in appellant's favor in this case. He frankly and candidly concedes that he was operating his motor vehicle at a time when he was under suspension and offers no reasonable excuse therefor. Accordingly, we are satisfied that the action of the secretary must stand and the appeal denied.

And now, November 24, 1971, it is hereby ordered, directed and decreed that the order of the secretary suspending appellant's operator's privilege for a period of one year is hereby sustained and the appeal denied.