## Lichon License

*Maurice Levin*, for Commonwealth.

*Edward D. Foy, Jr.*, for appellant.

BODLEY, J., February 28, 1972.—The license of appellant was suspended by the Bureau of Traffic Safety, effective September 15, 1971, for a period of one year because of appellant's conviction of operating under suspension in violation of section 624(6) of The Vehicle Code. The suspension was entered pursuant to the provisions of section 618(a)(2) under which the Secretary of Transportation has the discretionary right to suspend the operating privilege of any person who has been convicted of a misdemeanor. At the de novo hearing before the undersigned, the Commonwealth introduced a certification of the record of appellant's conviction under section 624(6) and a certification of the secretary's notice of suspension for the one-year period and then rested.

By way of defense, appellant testified that in December of 1968 he was apprehended for speeding while traveling at the rate of 75 m.p.h. in a 55 m.p.h. zone. As a result of this offense, to which he entered a plea of guilty, six points were assigned to his record; his operator's license was suspended for a period of 15 days; and, in addition, he was directed to attend a special driver improvement course under the provisions of section 619.1 of The Vehicle Code.

Appellant stated that he failed to attend the driver improvement school, not willfully, but only because he was ill on the first day of his required attendance. He testified that notice of his illness was telephoned by his wife to officers at the Trevose State Police Barracks where the classes were to be held in order that he might be excused and might then join the class

at the next regular session. According to appellant's testimony, the message which was relayed to him by way of his wife's telephone call was that since he had missed the first day, there was no way in which he might make up for the lost session, could not attend later sessions and, as a result, he was considered to have flunked the course. His testimony was not rebutted by the Commonwealth.

By reason of appellant's having failed to attend the aforesaid driver improvement course, an additional five points were then assigned to his official record, making a total of 11 points, and because of the accumulation of 11 points, his license was then suspended for a period of 60 days, in addition to the original 15-day period. It was during this period of suspension brought upon by the additional five point accumulation relating to the nonattendance at the driver improvement school, for the reasons stated aforesaid, that the appellant was apprehended for operating his motor vehicle while under suspension. He entered a plea of guilty to this offense and paid the imposed fine and costs.

On the foregoing facts, appellant challenged the suspension first on the ground that the proceedings which led to the one-year suspension were violative of his due process rights and, hence, invalid and the suspension thereunder void. We cannot accept this argument. As we have previously held, appellant's due process rights are satisfied both under the provisions of section 618(h) of the code, which affords the suspended operator the right to a departmental hearing upon request in a case such as this, where the suspension was entered without hearing, and also under the provisions of the code which brings the case before us now, section 620. Appellant thus has had ample protection by way of a full de novo hearing prior to the

actual loss of the operating privilege. This is so, inasmuch as this court previously granted the requested supersedeas at the time the appeal was filed and, hence, appellant has been denied no right (assuming an operating privilege is to be called a right) without due process of law. This court has already fully considered the question in an opinion by Judge Garb in the matter of Appeal of Donald F. Farr,—— Bucks ——, (1972) January term, No. 371, 1971). See also Commonwealth v. Massey, 3 Com. Ct. 304 (1971).

I believe that under all of the circumstances of this case the suspension of appellant's license for a period of one year is unduly harsh and oppressive. However, it is recognized that this court is powerless to reverse the action of the secretary on this basis alone. See Breskman Motor Vehicle Operator License Case, 210 Pa. Superior Ct. 352 (1967). Upon appeal, our function is to determine whether or not appellant's license is subject to suspension under the facts of the case, and it is not for us to do more than answer this question in the affirmative or negative. We may not modify the secretary's order. Commonwealth v. Moogerman, 385 Pa. 256, 258 (1956).

In the instant case, appellant is a young man, aged 29, he is married and has a four-year old child. He is a self-employed mechanic who lives seven miles from his place of business in an area which is not served by public transportation. His wife has no operator's license. In his business, appellant is called upon from time to time to travel from his shop to various places where automobiles have broken down, for the purpose of towing them back to his shop for repair or for the purpose of repairing them on the spot. He drives in excess of 25,000 miles a year and not only must drive in connection with his business, but as indicated must use his car for his personal and family needs because

of his wife's inability to drive and because of the location of his residence at a point where driving may be deemed, if not essential, nonetheless, a modern-day necessity.

We are aware, however, that mere economic hardship does not furnish the court with a basis for concluding that the secretary has abused his discretion in entering the suspension: Crowell Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 273 (1969); Dudreck Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 275 (1969); Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969). However, in this case we do believe that there has been an abuse of discretion on the part of the secretary under the peculiar facts outlined above.

The legislature has provided under section 619.1 of the code, the so-called "point system", that when any person's record for the first time shows an accumulation of six points, the secretary ". . . shall require such a person to undergo a special examination as provided for in section 608(g) of this act, or require such person to attend an approved driver improvement school, or require such person to attend a clinic, or any combination of the foregoing and shall so notify the person in writing."

The code goes on to provide that when a driver has attended and has successfully passed the driver improvement school course, he shall be credited with one point on his record for his attendance, and only in the event he fails to attend and satisfactorily complete the course shall an additional five points be assigned to his record.

Under the point system, section 619.1(i), the secretary is required to suspend an operator's license for a period of 60 days when the record shows an accumulation of 11 points or more, if such suspension

shall be the operator's first. Quite obviously, the driver improvement school provision is of inestimable value to that person who has accumulated the six points and who, should he fail to attend, would necessarily receive an additional five points or a total of 11 and the ensuing mandatory 60-day suspension. To deny the operator a right to attend such a school and gain the benefit of the reduction of one point, not to mention the salutary effect such an experience would probably have upon the average operator, is to take from him an avenue of mitigation open to him in no other fashion under The Vehicle Code or otherwise.

Accepting the testimony of appellant as being credible, as we do, it appears that he was "flunked" by reason of the fortuity of his illness and thus denied the privilege of doing that which the secretary required of him. We are aware of this court's duty in the case of an appeal under the provisions of section 619.1(k) in a situation where one who attended the driver improvement school and failed the same appeals the mandatory 60-day suspension, because our appellate courts have told us that in such an appeal we are merely to determine whether or not there was compliance with section 619.1(f) and that we may not be concerned with the wisdom of such a suspension: Korns Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 7 (1969).

Were this such an appeal, however, we would have no hesitation in sustaining the same upon our finding as a fact that appellant was denied the right to attend the driver improvement school by reason of his illness and the instruction to stay away from succeeding sessions because his mere absence from the first session had resulted in his being "flunked." There could be no finding of noncompliance when the attempt to comply has been denied the operator. As our Superior Court

held by implication in Korns, *supra*, where the Commonwealth's record showed nonattendance of the operator and the operator's testimony, to the contrary, was to the effect that he *had* attended two sessions and *was told not to attend the third*, there would be no violation of section 619.1(f) if the court below accepts the testimony of the operator.

Here, however, we are not dealing with the operator's appeal from the imposition of the sixty-day suspension growing out of the alleged nonattendance at the driver improvement school, but rather a discretionary one-year suspension imposed by reason of the appellant's having driven his vehicle, concededly, during that period of suspension, in violation of Section 624(6). But the principle is the same, and perhaps the conclusion is even more compelling in the present situation than it would have been were this appeal one brought under the original 60-day suspension order.

Quite obviously, had the operator been permitted to attend the driver improvement school (assuming a successful grade) his total point record would have been five and not the 11 which required the mandatory 60-day suspension. Just as obviously, having only five points on his record, appellant would have (assuming an unblemished record following successful attendance) received credit by way of removal of two points for each succeeding year from the date of the last conviction, December 1968. It is clear that appellant cannot be excused in any way for his having operated his vehicle during the period of suspension and we do not seek to excuse him for that conduct. However, on the date of that violation, April 19, 1969, under the facts as we find them, appellant should not have been under suspension. He should have been afforded the opportunity of attending another session of the school.

Accordingly, we conclude that, taking into consider-

ation the economic hardship which the one-year's suspension would impose upon appellant, the fact that he has had no moving violations since the December 1968 speeding charge, and, most particularly, his having been denied the privilege of attending the driver improvement school, the secretary has abused his discretion in entering upon the record the suspension here challenged. We, therefore, sustain the appeal. In doing so, however, we make it clear that it is within the secretary's power, as we view it, to again direct appellant to attend the driver improvement school if, in the secretary's discretion, the circumstances warrant such a direction.

Accordingly, we enter the following

### ORDER

And now, this February 28, 1972, the appeal filed from the order of the Secretary of Transportation suspending the motor vehicle privileges of appellant for a period of one year is hereby sustained. The secretary is directed to reinstate appellant's motor vehicle operating privileges forthwith.