## Commonwealth v. Hollinger

*Robert G. Bigham,* assistant district attorney, for Commonwealth.

*Murray B. Frazee, Jr.,* for defendant.

MacPHAIL, P. J., November 6, 1972.—This matter is before us on a writ of certiorari. The transcript of the issuing authority discloses that the defendant was arrested for violating section 1002(b)(9) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002. The transcript shows that at the hearing before the issuing authority, the arresting officer testified that defendant was operating his vehicle at a speed of 80

miles-per-hour in a 60-mile-per-hour zone. All of the requisite documents and testimony to support a radar arrest appear to have been offered into evidence. Defendant did not testify. According to the transcript, at the conclusion of the prosecuting officer's testimony, the attorney for defendant moved for dismissal of the charges on the grounds that section 1002(b)(9) was an "instructional" rather than a "violative" provision of the code and that the proof of the charge was insufficient. Defendant was found guilty, paid his fine and costs and then issued a praecipe for a writ of certiorari.

Prior to oral argument before us, defendant filed two exceptions to the transcript: (1) section 1002(b)(9) is not a violative section of the code, and (2) the transcript was deficient because it does not reflect proof that the Secretary of Highways had taken any action to establish the 60-mile-per-hour zone in the area where defendant was arrested.

In Bridge Motor Vehicle Operator License Case, 216 Pa. Superior Ct. 4 (1969), the Superior Court reversed a lower court which had held that section 1002(b)(8) of the code does not provide for any violation for excessive speed. It will be readily observed that section 1002(b)(8) and section 1002(b)(9) are identical to the extent that neither refers to a specific violation. However, section 1002(b)(9) is perhaps more definitive in this respect than section 1002(b)(8) because it does authorize a numerical maximum speed. Read in conjunction with the introductory language of subsection (b), that speeds "in excess" of the maximum limits thereafter provided are unlawful, it is apparent that the legislative intent was to provide that speeds in excess of 60-miles-per-hour in a 60-mile-per-hour zone were unlawful.

Concerning defendant's second contention, it is

true that Commonwealth v. Delcamp, 60 Lanc. 419 (1967), considered the question of whether the lack of evidence concerning the action of the Turnpike Commission in establishing a restricted speed zone would be fatal to a prosecution under section 1002(b)(7). That court found many deficiencies in the transcript before it, but also held that the fact that the Commonwealth failed to prove the existence of the restricted zone "and/or" the erection of official signs was a fatal defect. Several months after the Delcamp decision, the Superior Court in Commonwealth v. Holte, 209 Pa. Superior Ct. 498 (1967), considered a case involving a violation of section 1002(b)(9). Defendant there was charged with operating his vehicle at the rate of 96-miles-per-hour. The defense was that there was no proof that the signs required by section 1002(b)(9) had been erected. The court sustained defendant's conviction, holding that the direction of subsection (b)(9) was for the purpose of advising motorists that they might exceed the 55-mile-per-hour speed limit and travel for a limited distance at the increased rate, and that proof of the posting of such signs was not a necessary element of the crime with which the defendant was charged. Judge Montgomery, speaking for a unanimous court, went on to say, at page 501:

"The law does not intend a result that is absurd, impossible of execution or unreasonable. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §52, 46 PS §552. Were we to hold that a motorist may be convicted of violating the 55-miles-per-hour limit without the presence of signs and not be convicted of exceeding 60 miles per hour because no signs were erected would give an absurd and unreasonable construction to the provision we are considering."

We are of the opinion that the same reasoning must be applied to the instant case. It would be an absurd result to hold in the instant case that this defendant could have been found guilty under section 1002(b)(6), where no signs or action by the secretary are necessary, but could not be found guilty under section 1002(b)(9) because signs were not erected or the secretary's action not proved. See Commonwealth v. Paletta, 62 Lanc. 417 (1970). The facts in this case are much stronger than Holts because, here, there is evidence that the signs were, in fact, erected. What defendant demands is proof that the secretary authorized the speed zone which the signs indicate. This, we think, is asking more than defendant is entitled to have. He had actual notice that the speed zone was 60-miles-per-hour. He was in no way prejudiced by the secretary's action or lack of action in establishing the zone. See Commonwealth v. Theobald, 62 Lanc. 423 (1970). While defendant in every criminal action is entitled to proof of every element essential to the charge against him, he is not entitled to information which does not bear upon the *validity* of the charge against him, especially where the absence of that information is in no way prejudicial to him. Both the police and motorists have the right to rely upon the prima facie validity of posted traffic signs. If those signs were erected without proper authority or are in any other way illegal, the burden is upon defendant, rather than upon the prosecution, to show this fact, unless the necessity and the manner of placing such signs is a condition precedent to an offense within the statute or ordinance in question: Commonwealth v. Kubelius, 209 Pa. Superior Ct. 535 (1967). Specifically, we hold that it is not necessary for the Commonwealth to offer proof that the secretary has exercised the authority granted to him under section

1002(b)(9) in order to prove an offense under that section.

### ORDER OF COURT

And now, November 6, 1972, the exceptions to the record of the issuing authority are dismissed and the judgment of the issuing authority is affirmed.