**Wendel License**

*George L. Daghir*, for appellant.

*J. Richard Mattern, 2d*, for Commonwealth.

GREINER, P. J., January 24, 1973.—Defendant was convicted on November 1, 1971, for violating section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 PS § 1002, as a result of his arrest for operating his motor vehicle on Interstate 80 at a rate of 84 miles per hour in a permitted 65 miles per hour zone. By reason of such conviction the Department of Transportation suspended defendant's operator's license for a period of three months. Defendant was afforded the right of a departmental hearing but did not exercise same.

Defendant now appeals from such suspension on the basis that he was denied equal protection under the law. Specifically, he argues that section 619 of The Vehicle Code provides for a penalty of six points and 15 days suspension in the event defendant's speed exceeded the legal limit by 16 to 20 miles per hour. Therefore, in this case, defendant, having been convicted of an excessive speed of 19 miles per hour, the secretary's three months suspension was unjust and illegal. We cannot agree.

We concur with the able and succinct opinion of President Judge Campbell, Britton License, 48 D. & C. 2d 242 (1969), in which he held that:

"It is obvious from the statute setting up the point system that it did not apply to all sections of The Vehicle Code. The sections to which it was to apply were specifically enumerated. It has been held not to apply to section 1002(b)(8): Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969). Others have been likewise excluded, as for example section 624(1): Crowell Motor Vehicle Operator License Case,

214 Pa. Superior Ct. 273 (1969). While we may question the advisability of the inclusion or exclusion of any particular section under the point system, we must admit that the statute applies to all Pennsylvania residents who are governed thereby. Uniform penalties are not prescribed for the violation of every section of the code. We see no constitutional violation."

In Treadwell v. Commonwealth, 3 Comm. Ct. 221 (1971), where the constitutionality of section 1002(b)(8) of The Vehicle Code was challenged because of the longer period of suspension imposed by the secretary than would have been imposed had said section been subject to the "point system," it was held:

"We do not see how there can be denial of equal protection of the laws under the above circumstances. It is not possible for two individuals to receive different penalties for the *identical* violation. If a person exceeds a speed limit which is a speed limit for a particular road or zone that prevails throughout the Commonwealth, the penalty is governed by what is known as the 'point system' rules. But if one is in violation of a special reduced speed limit which deviates from the regular limits that prevail throughout the Commonwealth the Secretary may determine the penalty. There is no denial of equal protection of the laws under such circumstances." See also Edel License, 51 D. & C. 2d 526, 21 Bucks 195 (1971); and Commonwealth of Pennsylvania v. Charles W. Vekovius, 2 Comm. Ct. 226 (1971).

Although defendant initially also argued that the suspension was illegal for lack of proof of speed signs properly erected under section 1002(b)(8) at the beginning and end of said limited access highway, this argument was not pursued and by stipulation was formally abandoned.

For the foregoing reasons we, therefore, enter the following

## ORDER

Now, January 24, 1973, defendant's appeal is dismissed and the order of the Secretary of Department of Transportation dated May 4, 1972, is affirmed and reinstated with costs on defendant.